UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FORTINO ORTIZ TAPIA, et al., ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Case No.: 10-CV-05128-LHK <br><br> ORDER GRANTING MOTION TO SET ASIDE DEFAULT, DENYING MOTION FOR DEFAULT JUDGMENT AS MOOT |

On November 12, 2010, J & J Sports Productions, Incorporated (Plaintiff) filed a complaint alleging illegal interception and display of a fight program by Fortino Ortiz Tapia (Defendant). Plaintiff served Defendant with a copy of the complaint on December 9, 2010. Defendant did not file an answer to the complaint, and Plaintiff requested entry of default on January 10, 2011. The Clerk's office entered default against Defendant on January 12, 2011. Plaintiff filed a Motion for Default Judgment (Default Motion) on January 25, 2011. On March 28, 2011, Defendant filed a Motion to Set Aside Default (Set Aside Motion). The Court set these motions for hearing on May 26, 2011. The Court has determined that these matters are suitable for decision without oral argument, pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing on these motions is hereby VACATED. For the reasons set forth below, the Court GRANTS Defendant's Set Aside Motion and DENIES Plaintiff's Default Motion as moot.

1

Case No.: 10-CV-05128-LHK
ORDER GRANTING MOTION TO SET ASIDE DEFAULT

I.      BACKGROUND

Plaintiff claims to possess the exclusive nationwide commercial distribution rights to the November 14, 2009 telecast of *"Firepower": Manny Pacquiao v. Miguel Cotto WBO Welterweight Championship Fight Program* (the "Program"). Dkt. No. 1 ("Compl."). These distribution rights included additional, preliminary ("under-card") bouts and fight commentary. *Id.* ¶ 9. Plaintiff alleges that Defendant illegally intercepted and displayed the Program at his business, El Nayariga Restaurant (a.k.a. "Mariscos Nayariga 1") (hereinafter "Restaurant"). In support of its Default Motion, Plaintiff submitted the declaration of Nathan Tate. *See* Dkt. No. 13, Ex. 3 (Tate Decl.) Tate declares that he visited the Restaurant on November 14, 2009 at 8:01 p.m. He paid no cover charge to enter. He observed one "medium-size" television displaying one of the under-card bouts from the Program. *See* Dkt. No. 13, Ex. 4 (Gagliardi Decl.) at ¶ 7. He also observed "8 x 11" signs on the Restaurant walls that "said 'Saturday 14 Fight Pacquiao v. Cotto.'" Tate Decl. Tate states that the Restaurant's capacity was 80 people, and that he counted 75 people in the restaurant between 8:01 p.m. and 8:05 p.m. *Id.*

Based on the allegations in its complaint and the declarations submitted in support of its Default Motion, Plaintiff moved for default judgment against Defendant on the following claims in the complaint: (1) Violation of 47 U.S.C. § 605, *et seq.* and (3) Conversion. Plaintiff's complaint seeks $100,000 in "statutory damages for each willful violation" and a recovery of "full costs, including reasonable attorneys' fees." Compl. at ¶ 17. In the Default Motion, however, Plaintiff seeks $110,000 for the violation of 47 U.S.C. § 605 *et seq*: $10,000 in statutory damages (the maximum allowable for statutory damages), plus $100,000 enhanced damages for willfulness.

Defendant's attorney has submitted a declaration from his son stating that Defendant was in Mexico when a copy of the complaint was served at the Restaurant. *See* Dkt. No. 16, Ex. 1 (Tapia Decl.) at ¶¶ 3-4. Defendant's son states that Defendant is primarily Spanish-speaking and reads no English, and that Defendant mistakenly believed that he had no obligation to respond to the complaint because he was in Mexico when it was served. Id. at ¶¶ 5-6. After the Clerk's office entered default against Defendant, and Plaintiff filed its Default Motion on January 25, 2011, Defendant's son contacted Defendant's current counsel. Defendant's counsel in turn contacted

2

Case No.: 10-CV-05128-LHK
ORDER GRANTING MOTION TO SET ASIDE DEFAULT

counsel for Plaintiff on January 28, 2011. *See* Dkt. No. 16, Ex. 2 (Harris Decl.) at ¶ 1. Thereafter, the parties (through counsel) attempted to settle the case via telephone conversations and written correspondence. Harris Decl. at ¶ 5. Defendant's counsel states that it "became clear that the parties could not reach a settlement" on or about March 18, 2011, and that Defendant's counsel "began to prepare" the Set Aside Motion at that time. *Id*. at ¶ 6.

Defendant has not yet filed an answer to the complaint. Defendant submitted an untimely opposition to the Default Motion on May 12, 2011. Plaintiff moved for leave to file a reply brief in response.

II.     ANALYSIS

A. Motion to Set Aside Default

This "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "To determine 'good cause', a court must 'consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)) (alterations omitted). "This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* (citation omitted). "'[W]hile the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context' . . . ." *Id.* at 1091 n.1 (quoting *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009)) (alterations omitted). "This is because in the Rule 55 context there is no interest in the finality of the judgment with which to contend." *Id.* (citing *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986)). "Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *See Mesle*, 615 F.3d at 1091 (9th Cir. 2010) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

3

Case No.: 10-CV-05128-LHK
ORDER GRANTING MOTION TO SET ASIDE DEFAULT

### 1. Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (quotation and quotation marks omitted). Here, "the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer." *Mesle*, 615 F.3d at 1092. Instead, the term means something like "willful, deliberate, or evidence of bad faith." *TCI Group*, 244 F.3d at 697 (quotation and quotation marks omitted). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under our default cases . . . ." *Id.* "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Mesle*, 615 F.3d at 1092.

The Court finds that Defendant's conduct is not intentional. Through his son, he has offered a credible explanation as to why he failed to timely answer the complaint. Defendant mistakenly believed that he could not be properly served while he was out of the United States. Within two weeks after the Clerk's office entered default, Defendant sought an attorney and, through his attorney, contacted Plaintiff to discuss settling the Plaintiff's claims.

Because it appears that Defendant did not intend to "take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process," he did not intentionally fail to answer. Therefore, this factor does not prohibit the Court from setting aside the Clerk's entry of default against Defendant.

### 2. Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700) (quotation marks omitted). "All that is necessary to satisfy the 'meritorious defense' requirement is to allege

4

Case No.: 10-CV-05128-LHK
ORDER GRANTING MOTION TO SET ASIDE DEFAULT

1    sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation
2    is true' is not to be determined by the court when it decides the motion to set aside the default." *Id.*
3    (quotation and alterations omitted). "Rather, that question 'would be the subject of the later
4    litigation.'" *Id.* (quotation omitted).

5          As evidence that he has a meritorious defense, Defendant (through his son) asserts various
6    facts that could bear on the Court's determination of willfulness. Defendant's son represents that
7    Defendant was not in the Restaurant when the Program was shown. Tapia Decl. at ¶ 11. He
8    further alleges that the first time Defendant learned that the Program was shown at the Restaurant
9    was when "he received a demand letter from Plaintiff." *Id.* at ¶12. In addition, he refutes the
10   version of the facts set forth in the Tate Declaration, stating that the Restaurant did not advertise
11   the Program, and that its capacity is only 44 (not 80). *Id.* at ¶¶ 14, 15 and 18. Taking these
12   allegations as true, as the Court must at this stage, these facts could affect the Court's
13   determination of Defendant's willfulness. As the cases cited in Plaintiff's Default Motion
14   demonstrate, Courts often consider the number of patrons present or the economic advantage
15   realized by the defendant when determining the appropriate measure of enhanced damages for
16   willfulness in similar signal piracy cases. *See, e.g., Kingvision Pay-Per-View, Ltd. v. Dosani*, No.
17   CIV A H-06-1655, 2006 WL 3316988 at * 2 (S.D. Tex. 2006).

18         Defendant does not appear to refute that the Program was actually shown at the Restaurant
19   on November 14, 2009. However, the complaint limits the request for damages to damages
20   relating to "each willful violation" of 47 U.S.C. § 605(e), and is silent regarding damages for non-
21   willful violations of this statute. Accordingly, as currently pled, it appears that Plaintiff's recovery
22   for the alleged § 605(e) violation depends entirely on the Court's determination of willfulness.
23   Even if Plaintiff had sought non-willful statutory damages in the complaint, the fact that over 90%
24   of the damages Plaintiff seeks in the Default Motion depend on a determination of willfulness
25   counsels against deciding the willfulness issue without an opportunity for Defendant to be heard.
26   Since the determination of all or most of Plaintiff's claimed damages necessarily turns on a
27   determination of willfulness, the Court finds that Defendant has adequately presented facts
28

5
Case No.: 10-CV-05128-LHK
ORDER GRANTING MOTION TO SET ASIDE DEFAULT

1  indicating a meritorious defense.  This does not mean that the Court will ultimately accept

2  Defendant's argument, but it is sufficient to support setting aside the entry of default.

3              3.      Prejudice to Plaintiff

4         Plaintiff argues that it is the Defendant's burden to prove that the Plaintiff will not be

5  prejudiced, and that Plaintiff has failed to carry this burden.  Plaintiff cites no authority for the

6  proposition that the Defendant must affirmatively disprove that the Plaintiff will be prejudiced by

7  setting a default aside.  In any case, Plaintiff's attempt to demonstrate that it will be prejudiced

8  persuades the Court of the opposite.  Plaintiff argues that it will be prejudiced because the case has

9  been pending since December 9, 2010.  However, "[t]o be prejudicial, the setting aside of a

10 judgment must result in greater harm than simply delaying resolution of the case." *Mesle*, 615 F.3d

11 at 1095 (quoting *TCI Group*, 244 F.3d at 701).

12        Plaintiff also argues that Defendant's reliance on his son's declaration "gives rise to a

13 greater possibility for fraud and collusion."  While the Court does not find this relevant to the

14 analysis of prejudice, it does concern the Court that the Defendant has failed to personally submit a

15 declaration in support of the Set Aside Motion.  In addition, it would have been much preferable

16 for the Defendant to submit an answer to the complaint and the Set Aside Motion promptly upon

17 retaining counsel, rather than waiting for settlement discussions to break down before doing so.

18 The Court will not accommodate further delay on Defendant's part.

19 III.   Conclusion

20        Because all three factors weigh in favor of Defendant, the Court finds that Defendant has

21 established good cause for setting aside the default entered against him.  Therefore, the Court

22 GRANTS Defendant's Motion to Set Aside Default and DENIES Plaintiff's Motion for Default

23 Judgment as moot.  Accordingly, Plaintiff's request to file a reply in support of the Motion for

24 Default Judgment is moot as well.  The Clerk shall set aside default as to Defendant, individually

25 and dba El Nayariga Restaurant.

26        Defendant shall file and serve an answer to the complaint **within 14 days of the date of**

27 **this Order**.  An Initial Case Management Conference shall be held on June 17, 2011 at 1:30 p.m.

28

6
Case No.: 10-CV-05128-LHK
ORDER GRANTING MOTION TO SET ASIDE DEFAULT

1  **IT IS SO ORDERED.**

2  Dated: May 24, 2011

3  _____
   LUCY H. KOH
   United States District Judge